NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>KEITH SHAZAD MALIK, AKA<br>keithshazadmalik@gmail.com, AKA<br>keithmalik@gmail.com,<br><br>Defendant - Appellant. | No. 23-2016<br><br>D.C. No.<br>2:22-cr-00321-MCS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted September 17, 2024[**]

Before:     WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Keith Shazad Malik appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

transmitting interstate threats in violation of 18 U.S.C. § 875(c).  We have

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Malik first argues that the district court impermissibly extended the length of his sentence in order to promote his rehabilitation in violation of *Tapia v. United States*, 564 U.S. 319 (2011). To the contrary, the district court expressly disclaimed any reliance on rehabilitation. Although the court expressed its hope that Malik receives the help he needs while in custody, it did not impose or lengthen the sentence to promote rehabilitation. *See id*. at 334 ("A court commits no error by discussing the opportunities for rehabilitation within prison."). Rather, the court imposed the sentence to reflect the seriousness of the offense, including Malik's yearslong harassment of the victim even after a restraining order was entered.

Malik next contends that the district court did not adequately account for the need to avoid unwarranted sentence disparities. However, the record shows that the district court reviewed the case that Malik offered as a comparator and specifically considered his sentence disparities argument. It acted within its discretion in concluding that, notwithstanding any disparity it might create, "a truly meaningful custodial sentence" was necessary in Malik's case to promote respect for the law, protect the community, and deter Malik from further criminal conduct. *See United States v. Marcial-Santiago*, 447 F.3d 715, 719 (9th Cir. 2006).

Third, Malik contends that the above-Guidelines sentence is substantively

unreasonable.  Though the district court varied upward substantially, we cannot conclude that the court abused its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  Under the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, particularly the nature of the offense, the sentence is substantively reasonable.  *See Gall*, 552 U.S. at 51.

Finally, Malik is incorrect that the district court erred in calculating his Guidelines range.  As he concedes, Amendment 821 had not yet gone into effect when he was sentenced.  Thus, the court properly did not consider it.  *See* U.S.S.G. § 1B1.11(a); *United States v. Ruiz-Apolonio*, 657 F.3d 907, 916 n.7 (9th Cir. 2011).  Now that the amendment has been adopted, however, Malik may seek a sentence reduction in the district court. [1]  *See* 18 U.S.C. § 3582(c)(2).

**AFFIRMED.**

---

[1] We express no opinion as to whether Malik is entitled to a reduction.